**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2011

Lyle W. Cayce
Clerk

No. 10-40265
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN SANCHEZ-GODOY,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-808-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Sanchez-Godoy appeals his sentence following his guilty plea conviction for illegal reentry into the United States. Sanchez-Godoy was sentenced within his advisory guidelines range to 63 months of imprisonment and three years of supervised release. He challenges the procedural and substantive reasonableness of his sentence.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). This court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first examines whether the district court committed any significant procedural error. *Id.* at 51. If the district court's decision is procedurally sound, this court will then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *Id.*

Sanchez-Godoy contends that the district court committed significant procedural error by violating separation of powers principles when it declined to impose a downward variance equivalent to the one-level reduction he could have received had the Government filed a motion pursuant to United States Sentencing Guidelines Manual (U.S.S.G.) § 3E1.1(b) regarding acceptance of responsibility. Sanchez-Godoy also contends that the district court's denial of his request for a downward variance amounted to the significant procedural error of treating the Guidelines as mandatory. De novo review applies to these arguments. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Newson*, 515 F.3d 374, 376 (5th Cir. 2008). The record reflects that the district court was aware of its discretionary authority to grant a downward variance for acceptance of responsibility and declined to exercise that discretion as a means of compensating for the Government's refusal to file a motion under § 3E1.1(b). Because the district court did not misapprehend its authority to grant a downward variance for acceptance of responsibility, Sanchez-Godoy's arguments concerning the separation of powers doctrine and treatment of the Guidelines as mandatory are unavailing.

Sanchez-Godoy contends that his sentence is substantively unreasonable because the district court applied the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(vii) without adequate consideration of the nuances and details of the conviction supporting that enhancement, namely his 2003 conviction for transporting an undocumented alien within the United States by means of a motor vehicle. Sanchez-Godoy also notes that his only other prior conviction was a 2005 conviction for the nonviolent offense of illegal reentry into the United States.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see Gall*, 552 U.S. at 51 (recognizing that appellate courts may, but are not required to, apply a presumption of reasonableness to sentences within properly calculated guidelines range). The district court listened to and rejected Sanchez-Godoy's arguments regarding the mitigating aspects of his criminal history, including his 2003 conviction for transporting an undocumented alien. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Sanchez-Godoy has not rebutted the presumption of reasonableness applicable to his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *Alonzo*, 435 F.3d at 554.

Sanchez-Godoy also wishes to preserve for further review the argument that a presumption of reasonableness should not apply to sentences calculated under U.S.S.G. § 2L1.2 because § 2L1.2 was not the result of empirical evidence or study. He correctly concedes that such an argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

AFFIRMED.